UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DKT, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   1:10-cv-00066-TWP-MJD |
|    vs. | ) |
| | ) |
| THE CITY OF KOKOMO, GREG | ) |
| GOODNIGHT, individually and in his official | ) |
| capacity, ROBERT BAKER, individually and in | ) |
| his official capacity, MARK MILLER, | ) |
| individually and in his official capacity, and | ) |
| DEREK SUBLETTE, individually and in his | ) |
| official capacity , | ) |
| | |
|    Defendants. | |

## ENTRY ON MOTION TO DISMISS

This matter involving alleged violations of Plaintiff's constitutional rights and state tort law claims comes before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) [Dkt. 11]. This suit stems from the disclosure of Plaintiff's identity as a confidential informant to the *Kokomo Perspective* newspaper. Plaintiff, DKT,[1] alleges that the defendants violated her Fourteenth Amendment due process rights, were negligent and defamed her. Additionally, Plaintiff alleges that Mark Miller ("Miller"), a Sergeant of the Kokomo Police Department, instructed her not to cooperate with further police investigations and, accordingly, violated her Fourteenth Amendment

---

[1] Defendants argue that DKT should not be allowed to proceed anonymously. However, in light of the Magistrate Judge's determination that Plaintiff may continue to proceed anonymously [Dkt. 27], the Court sees no reason to reconsider the issue at the present time. *See K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997) (determining whether a party should be allowed to proceed anonymously lies within the sound discretion of the district court).

due process rights. For the reasons set out below the Court **GRANTS** Defendants' Motion to Dismiss [Dkt. 11].

## I. BACKGROUND

For the purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts all of the Plaintiff's well-pleaded allegations as true and draws all favorable inferences for Plaintiff. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). With this standard in mind, the Court recites the facts as they are contained within the Complaint.

In 2006, Miller prepared a confidential criminal intelligence packet (the "FBI Packet"), and DKT, while acting as a confidential informant, may have provided some of the information contained within the FBI Packet. Compl. ¶ 12. On January 1, 2008, Robert Baker ("Baker"), Chief of Police of the Kokomo Police Department ("KPD"), took possession of the FBI Packet. *Id.* After Baker took possession of the FBI Packet, Miller went to DKT's residence and admonished her not to cooperate with the police in any further investigation of allegations contained within the FBI Packet. *Id.* ¶ 13. Miller told DKT not to be concerned about dissemination of her identity or information contained within the FBI Packet because of Miller's friendship with Baker and Greg Goodnight ("Goodnight"), Mayor of Kokomo. *Id.*

Sometime between March 17, 2008 and April 2, 2008, Goodnight and Derek Sublette ("Sublette"), Corporation Counsel for the City of Kokomo, received the FBI Packet and a compact disk containing information as a by-product of the FBI Packet (the "Confidential Informant CD"). *Id.* ¶ 14. On April 2, 2008, Goodnight and Sublette released the FBI Packet and the Confidential Informant CD to the *Kokomo Perspective*, publically disclosing DKT's identity. *Id.* ¶ 15. On April 23, 2008, the *Kokomo Perspective* printed articles with information gleaned from the FBI Packet and

the Confidential Informant CD. *Id.* ¶ 16. The series of articles exposed Plaintiff's identity and other personal information and continued for several weeks. *Id.*

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Nevertheless, the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations and internal quotations omitted). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth,* 507 F.2d at 618 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

**A.     Due Process Claims Against the City of Kokomo, Goodnight, Sublette, and Baker**

Defendants argue that Plaintiff's Section 1983 claim against the City of Kokomo, Mayor Goodnight, Attorney Sublette and Chief Baker should be dismissed because Plaintiff did not state in her Complaint how the disclosure of the police investigation harmed her. Plaintiff asserts that she was harmed in her reputation and further, that as a confidential informant, she had the right to

remain anonymous. Plaintiff argues that when her identity was disclosed, her due process right to remain anonymous and confidential and laws of the United States were violated. DKT does not allege that she came to any harm other than reputational damage as a result of the disclosure of her identity. Reputational damage alone is not enough to state a claim under Section 1983. *See Paul v. Davis*, 424 U.S. 693, 701 (1976) (concluding that stigma damage alone is not sufficient to state a § 1983 claim). Further, Plaintiff does not point to any authority suggesting that she had a Constitutional right to have her identity protected. She does argue that a directive issued by the Attorney General prohibits federal law enforcement from disclosing confidential sources, but in her Complaint DKT asserts that state officers, not federal officers, disclosed her identity. Accordingly, Counts I-III of DKT's Complaint are **DISMISSED**.

**B.     Due Process Claims Against Miller**

Defendants argue that Plaintiff's Section 1983 claim against Miller should be dismissed *because her allegation that Miller "admonished" her not to cooperate with further police* investigations fails to amount to even a common law tort, let alone a constitutional violation. Indeed, Plaintiff cites no authority to suggest that instructing a person not to cooperate with the police amounts to an unconstitutional deprivation of the instructee's due process rights. All of the cases cited by Plaintiff involve instances where someone was threatened by police officers. *See Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978) (threat to prisoner stated a cause of action because it was possible that the threat was intended to limit the prisoner's right of access to the courts); *Inada v. Sullivan*, 523 F.2d 485 (7th Cir. 1975) (police officer's threat of deportation to a Japanese national interfered with the Japanese national's right to access the courts); *Schnell v. City of Chicago*, 407 F.2d 1084 (7th Cir. 1969) (police threat against plaintiff amounted to a cause of

4

action under the First Amendment). In the instant case, the complaint states that Miller admonished her not to cooperate further with the investigation. The plain meaning of the word "admonish" does not lead the reader to infer that Miller made threats against DKT. *See Merriam-Webster Dictionary* 28 (1974) (defining "admonish" as "to warn gently; reprove with a warning"). In her Complaint, Plaintiff did not allege any facts to suggest that Miller threatened her to prevent her from cooperating with the police. No reasonable inference can be drawn that Miller threatened DKT. Accordingly, there can be no due process violation premised on Miller's admonishment to DKT not to cooperate with any police investigations. DKT has failed to state a viable Section 1983 claim against Miller, therefore Count Four of DKT's Complaint is **DISMISSED**.

**C.    State Law Claims**

    *1.    Defamation*

To establish defamation, a plaintiff must prove the following elements: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. *Shine v. Loomis*, 836 N.E.2d 952, 596 (Ind. Ct. App. 2005). "The United States Constitution requires a false statement of fact in order to impose liability for defamation." *Journal-Gazette Co., Inc. v. Bandido's, Inc.*, 712 N.E.2d 446, 457 (Ind. 1999). DKT failed to allege the subject of any false statements or even that any of the defendants made particular false statements about her. Plaintiff argues that the liberal Rule 12(b)(6) standard requires the court to infer that the elements of the defamation claim are present simply because Plaintiff conclusorily states without more that "the actions and omissions of Goodnight, Sublette, Baker and Miller were . . . defamatory." Compl. ¶ 39. Rule 12(b)(6) does not require the Court to accept legal conclusions as true; instead, Rule 12(b)(6) requires that a complaint contain "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). DKT has failed to allege a false statement of fact, accordingly her defamation claim is **DISMISSED**.

### 2. Negligence

"To prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007). Similar to her argument surrounding the defamation issue, DKT argues that because she alleged negligence, the Court is required by Rule 12(b)(6) to infer facts consistent with a negligence theory. There is nothing on the face of the Complaint suggesting that Defendants breached any legally cognizable duty owed to Plaintiff. Accordingly, Plaintiff's negligence claim is **DISMISSED**. *See Iqbal*, 129 S.Ct. at 1949.

### CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss [Dkt. 11] in its entirety.

SO ORDERED.

Date: 02/17/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Peter H. Rosenthal
LAW OFFICE OF PETER H. ROSENTHAL
atyrosenthal@aol.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com